# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30996
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 13, 2017

Lyle W. Cayce
Clerk

In the Matter of:    WILLIAM DOUGLAS CARROLL and CAROLYN K. CARROLL,

      Debtors

WILLIAM DOUGLAS CARROLL; CAROLYN K. CARROLL; PAMELA K. ALONSO; CYNTHIA G. O'NEAL,

      Appellants

v.

SAMERA L. ABIDE,

      Appellee

---

Appeal from the United States District Court
for the Middle District of Louisiana

---

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:

The bankruptcy court declared William Douglas Carroll, Carolyn K. Carroll, Pamela K. Alonso, and Cynthia G. O'Neal vexatious litigants and set forth a pre-filing injunction against them. It also sanctioned the Carrolls, jointly and severally, in the amount of $49,432. The district court affirmed, and we affirm for substantially the same reasons.

No. 16-30996

I.

Appellants in this matter are William Douglas Carroll and Carolyn K. Carroll (collectively, the Carrolls) and their daughters, Pamela K. Alonso and Cynthia G. O'Neal (collectively, the Carroll Daughters). The Carrolls filed their bankruptcy petition on May 21, 2008. RedPen Properties, L.L.C., whose membership consists solely of the Carrolls, filed its bankruptcy petition that same year. The trustee in both of these bankruptcy cases was Samera L. Abide, and the cases were substantially consolidated in 2014.

On October 5, 2015, Abide sought relief against the Carrolls and the Carroll Daughters due to their conduct in the bankruptcy cases. In granting Abide's motion in part, the bankruptcy court carefully laid out the troublesome conduct of Appellants in a thorough, twenty-two-page opinion. The bankruptcy court detailed a series of notable actions by Appellants that demonstrated their pattern of harassment, which included: seeking to frustrate the sale of a five-acre tract of land, filings related to a movables adversary brought by the Carroll Daughters ("Movables Adversary"),[1] orders of contempt entered against Appellants, attempts to frustrate the sale of the Carrolls' residence and movables, and two attempts to remove Abide that were wholly unsupported by evidence.

After recounting the bad faith conduct of Appellants, the bankruptcy court determined that "the Carrolls' true motives [were] to harass the trustee

---

[1] In the Movables Adversary, the Carroll Daughters sought to establish their ownership in certain antiques and other movable property that was in the Carrolls' possession at the time of the Carrolls' bankruptcy filing. The Carroll Daughters claimed that this property was transferred to them in 2005. Due to concerns regarding the ability of the bankruptcy court to hear this claim under *Stern v. Marshall*, 564 U.S. 462 (2011), the district court withdrew the reference. The case was then heard by the district court, which, in granting summary judgment in favor of Abide, stated that it "seriously question[ed] the legality of the actions taken by [the Carroll Daughters] and the Carrolls." We affirmed. *Alonso v. Abide* (*In re RedPen Properties, L.L.C.*), 568 F. App'x 338 (5th Cir. 2014).

No. 16-30996

and thereby delay the proper administration of the estate in the hope that they would be able to retain their assets, or make pursuit of the assets so unappealing that the trustee would be compelled to settle on terms favorable to the [appellants]." The court specifically found that Appellants were bad faith filers and noted that Appellants' failure to pay previous contempt sanctions ordered against them "demonstrates that monetary sanctions alone will not deter them." Accordingly, the bankruptcy court "enjoin[ed] them and anyone acting on their behalf from filing any pleading or document in this case or its associated cases or adversary proceedings, and from filing any future cases in [the Bankruptcy Court for the Middle District of Louisiana], without first obtaining bankruptcy court permission." The bankruptcy court then assessed monetary sanctions, under 11 U.S.C. § 105, in the amount of $49,432 against the Carrolls. This figure represented the attorneys' fees incurred "in defending the trustee removal motions and the injunction complaint, along with the Carrolls' motion for stay pending appeal."

The Carrolls and the Carroll Daughters appealed to the district court, which affirmed the bankruptcy court's order in a similarly detailed twenty-five-page opinion. On appeal to us, the Carrolls and the Carrol Daughters challenge the pre-filing injunction against them, and the Carrolls additionally challenge the imposition of monetary sanctions.

II.

Although it is not altogether clear whether jurisdiction is proper under 28 U.S.C. § 158, the bankruptcy court's order is a collateral order under the *Cohen* doctrine. *See Markwell v. Cty. of Bexar*, 878 F.2d 899, 901 (5th Cir. 1989); *see also Chaves v. M/V Medina Star*, 47 F.3d 153, 156 (5th Cir. 1995).[2]

---

[2] We need not decide if an award of attorneys' fees alone would constitute a collateral order in this context because here the bankruptcy court's order labeled the Appellants

No. 16-30996

"We review the imposition of sanctions for an abuse of discretion." *Chaves*, 47 F.3d at 156 (citation omitted). "A Bankruptcy Court does not abuse its discretion unless its ruling is based on an erroneous review of the law or on a clearly erroneous assessment of the evidence." *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008) (quoting *Chaves*, 47 F.3d at 156). Furthermore, we review the facts that form the basis of the court's decision to sanction for clear error. *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 576–77 (5th Cir. 2008).

III.

We begin by noting the bankruptcy court has numerous tools by which to sanction the conduct of individuals. "Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (citation omitted); *see also Citizens Bank & Tr. Co. v. Case* (*In re Case*), 937 F.2d 1014, 1023 (5th Cir. 1991). "Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 86 F.3d 464, 467 (5th Cir. 1996) (quoting *Anderson v. Dunn*, 19 U.S. 204, 231 (1821)). A court must make a specific finding of bad faith in order to impose sanctions under its inherent power. *See Chaves*, 47 F.3d at 156. Moreover, when sanctions are imposed under the inherent power, this court's "investigation of legal and evidentiary sufficiency is particularly probing" and this court must "probe the record in detail to get at the underlying facts and ensure the legal sufficiency of their support for the district court's

---

vexatious litigants and enjoined them from future filings. *See generally Ali v. Quarterman*, 607 F.3d 1046, 1048 (5th Cir. 2010).

4

more generalized finding of 'bad faith.'" *Crowe v. Smith*, 151 F.3d 217, 236 (5th Cir. 1998).

Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. *See Newby v. Enron Corp.*, 302 F.3d 295, 302 (5th Cir. 2002). Moreover, under 11 U.S.C. § 105, "a bankruptcy court can issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the bankruptcy code." *Placid Refining Co. v. Terrebonne Fuel and Lube, Inc.* (*In re Terrebonne Fuel & Lube, Inc.*), 108 F.3d 609, 613 (5th Cir. 1997). When considering whether to enjoin future filings, the court must consider the circumstances of the case, including four factors:

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 189 (5th Cir. 2008) (quoting *Cromer v. Kraft Foods N. Am., Inc.*, 390 F.3d 812, 818 (4th Cir. 2004)).

With these legal principles in mind, we turn to the arguments on appeal and affirm for substantially the same reasons asserted by the district court. Addressing the pre-filing injunction first, the bankruptcy court considered the relevant factors in issuing its pre-filing injunction. *See Baum*, 513 F.3d at 189. To the extent that appellants maintain that sanctions cannot be imposed against them because they are pro se litigants, they are incorrect. *See Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986); *see also Clark v. Mortenson*, 93 F. App'x 643, 652 (5th Cir. 2004).

To the extent that Appellants challenge the bankruptcy court's finding that they acted in bad faith, our probing review of the record establishes that the finding of bad faith is well supported. As both the bankruptcy court and

the district court meticulously explained, Appellants have engaged in conduct intended to harass and delay.  Appellants' suggestion that their conduct was not done in bad faith is belied by their repeated attempts to litigate issues that have been conclusively resolved against them or that they had no standing to assert and by their unsupported and multiple attempts to remove Abide as the trustee.  Although it is correct that the conduct of the Carroll Daughters was less pervasive than that of the Carrolls, their conduct was still in bad faith.  Specifically, the bankruptcy court discussed the Carroll Daughters' conduct in the Movables Adversary, in which the district court had to hold the Carroll Daughters in contempt and order them to make Abide whole as to all costs involved in filing her motions to compel.[3]  Yet, the Carroll Daughters remained undeterred, persisted in their unsupported filings, and eventually triggered another motion for contempt by failing to pay the attorneys' fees as ordered.  At bottom, the record fully supports the bankruptcy court's determination of bad faith, and Appellants have not established that any of the bankruptcy court's findings were clearly erroneous.

---

[3] Construing their pro se brief liberally, *see Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988), Appellants maintain that the bankruptcy court could not sanction the Carroll Daughters for conduct that occurred before the district court in the Movables Adversary once the order of reference was withdrawn because the Movables Adversary is a separate proceeding.  We have determined that "the inherent power does not extend to collateral proceedings that do not threaten the court's own judicial authority or proceedings." *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458, 460–61 (5th Cir. 2010) (quoting *Maxxam*, 523 F.3d at 593).  Here, by contrast, the conduct by the Carroll Daughters in the district court occurred in the same bankruptcy case. *See* 2 COLLIER ON BANKRUPTCY § 301.03 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2015) ("The term 'case' . . . refers to the overall spectrum of legal action taken under one of the debtor relief chapters.  It is the widest term functionally.  The term 'proceeding,' by contrast, refers to any particular action raised or commenced within the case, including motions and adversary proceedings, whether such actions raise disputed or consensual matters.").  Accordingly, the bankruptcy court could sanction the Carroll Daughters for their conduct in the Movables Adversary.

No. 16-30996

We next address the bankruptcy court's order that the Carrolls pay $49,432, which represents the amount of attorneys' fees incurred by Abide in responding to certain instances of the Carrolls' bad faith conduct. "[Section 105] has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process." *In re Clark*, 223 F.3d 859, 864 (8th Cir. 2000) (citation omitted); *see also In re Tucker*, 224 F.3d 766, 2000 WL 992448, at \*3 (5th Cir. 2000) (unpublished) (rejecting the argument that the bankruptcy court erred in holding that section 105 authorized the imposition of sanctions where the sanctioned individuals participated in an abuse of process). The Carrolls appear to argue that this sanction was erroneous because the estate has already incurred these attorneys' fees. This argument misunderstands that the purpose of ordering the Carrolls to pay these fees is to prevent the estate from bearing the costs of their vexatious conduct. Accordingly, the attorneys' fees award is not erroneous.

AFFIRMED.