# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2021

Lyle W. Cayce
Clerk

No. 20-60574

Adriano Budri,

*Petitioner*,

*versus*

Administrative Review Board, United States
Department of Labor,

*Respondent*.

Petition for Review of the Decision and Order of the
United States Department of Labor, Administrative Review Board
ARB Case No. 2020-0047
ALJ Case No. 2020-STA-00037

Before Higginbotham, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:*

By petition for review filed in this court on July 3, 2020, Petitioner Adriano Budri ("Budri") challenges the June 30, 2020 decision of the United States Department of Labor's Administrative Review Board (ARB). The

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60574

ARB decision denied Budri's administrative petition for review of an administrative law judge's June 18, 2020 dismissal of Budri's fourth complaint, which was filed on February 7, 2020, with the Department of Labor's Occupational Safety and Health Administration (OSHA). Budri's fourth OSHA complaint, which alleges claims arising under the Surface Transportation Assistance Act (STAA), 49 U.S.C. § 31105, is based on the same underlying facts as his prior complaints. This petition for review constitutes Budri's fourth appearance before this court pertaining to the same facts.

Also before this court are almost 50 pending motions filed by Budri, as well as Respondent's request that this court issue an order enjoining Budri from future filings arising from the same operative facts as his previous claims—his employment at Firstfleet, Inc., and his February 17, 2017 termination from employment. For the reasons stated herein, we deny Budri's petition for review and his pending motions. We grant Respondent's request for entry of an order restricting future filings by Budri to the extent stated herein and in the separate written order to be entered by the court.

I.

Budri briefly worked for Firstfleet as a commercial truck driver in early 2017. After hiring Budri on January 25, 2017, Firstfleet fired Budri less than a month later on February 17, 2017. In firing Budri, Firstfleet cited instances when Budri failed to deliver a time-sensitive order, caused cargo damage by failing to secure a load properly, and failed to report an accident in which Budri caused a door to be torn from a trailer.

Since his February 2017 termination from employment by Firstfleet, Budri has previously filed and subsequently appealed three prior OSHA complaints stemming from the above-described facts. The procedural histories of those matters are described in our August 24, 2020 opinion

No. 20-60574

affirming the dismissal of Budri's third complaint.[1] In those OSHA complaints, Budri alleged that (1) Firstfleet terminated his employment in retaliation for his protected communications regarding an expired decal, hours-of-service violations, and a defective headlight bulb, in violation of the STAA's whistleblower-protection provisions; and (2) Firstfleet further violated the STAA by disclosing negative employment information about him to Tenstreet, a company that provides hiring services to trucking companies.

### *First OSHA Complaint*

Budri's first OSHA complaint, filed March 20, 2017, was dismissed by OSHA and, subsequently, by ALJ Larry W. Price.[2]  The ALJ's February 2, 2018 dismissal was affirmed by the ARB in June 19, 2018,[3] and by this court on April 9, 2019.[4]  Budri also filed a petition for writ of certiorari in the United States Supreme Court, which was denied on October 2019.[5]

### *Second OSHA Complaint*

While his first complaint was pending before the ALJ, Budri filed a second OSHA complaint on January 23, 2018, which also was dismissed by

---

[1] *Budri v. Admin. Review Bd.*, No. 20-60073, 825 F. App'x 178, 179 (5th Cir. Aug. 25, 2020) (regarding ARB No. 2020-0021, ALJ No. 2019-STA-00071) ("Third Complt.") ("Third Complt.").

[2] *Budri v. Firstfleet, Inc.*, ALJ No. 2017-STA-0086 (ALJ Feb. 2, 2018) ("First Complt.")

[3] *Budri v. Firstfleet, Inc.*, ARB No. 2018-0025, ALJ No. 2017-STA-0086 (ARB Jun. 19, 2018)  ("First Complt.").

[4] *Budri v. Admin Review Bd.*, No. 18-60579, 764 F. App'x 431 (5th Cir. Apr. 9, 2019) (regarding ARB No. 2018-0025, ALJ No. 2017-STA-0086) ("First Complt.").

[5] *Budri v. Admin Review Bd.*, 140 S. Ct. 386 (2019) ("First Complt.")

No. 20-60574

OSHA and, on June 26, 2018, by ALJ Price.[6]  Initially, on March 25, 2019, the ARB affirmed the ALJ's dismissal of the complaint, concluding the claim was not timely filed within 180 days of Budri's discovery of the alleged violation, and thus, was untimely.[7]  Later, however, on July 30, 2019, the ARB vacated its March 25, 2019 decision for lack of jurisdiction,[8] having discovered that Budri had timely filed suit in federal district court on February 19, 2019, [9] that is, while the ARB appeal was pending. On October 29, 2019, the district court dismissed Budri's suit,[10] and, on December 18, 2019, we dismissed his appeal for want of prosecution.[11]

### *Third OSHA Complaint*

While his district court action was pending, Budri filed a third OSHA complaint, on August 30, 2019, which likewise was dismissed by OSHA and,

---

[6] *Budri v. Firstfleet, Inc.*, ALJ No. 2018-STA-0033 (ALJ June 26, 2018 and Aug. 1, 2018) ("Second Complt.")

[7] *Budri v. Firstfleet, Inc.,* ARB No. 2018-0055,  2018-STA-0033 (March  25, 2019) ("Second Complt.").

[8] *Budri v. Firstfleet, Inc.,* ARB No. 2018-0055,  2018-STA-0033 2019 WL 3780911, at *1 (July 30, 2019) ("Second Complt.").

[9] *Budri v. Firstfleet, Inc.,* Case No. 3:19-cv-409-N-BH (N. D. Tex.) ("Second Complt."). *See* 49 U.S.C. § 31105(c); 29 C.F.R. §1978.114 (allowing an action for de novo review in appropriate federal district court if no final order of Secretary has issued within 210 days of filing of complaint and there is no showing of delay due to the bad faith of the complainant).

[10] Because Budri's STAA claim was dismissed for lack of subject matter jurisdiction, the dismissal was without prejudice. *See Budri v. Firstfleet, Inc.,* Case No. 3:19-cv-409-N-BH, 2019 WL 5579971, *1 (N. D. Tex. Oct. 29, 2019)  ("Second Complt.")

[11] *Budri v. Firstfleet, Inc.*, No. 19-11203, 2019 WL 8645418 (5th Cir. 2019) ("Second Complt."). Budri's appeal was dismissed because he failed to heed the court's November 7, 2019 notice instructing that he sign and return his unsigned October 31, 2019 notice of appeal within thirty days. *Id.*

No. 20-60574

on December 16, 2019, by ALJ Patrick M. Rosenow.[12] On January 7, 2020, the ARB exercised its discretion to deny review of Budri's petition. [13] Budri then filed a petition for review before this court on January 27, 2020. We denied that petition on August 25, 2020.[14]

### Fourth OSHA Complaint

While his January 27, 2020 petition for review was pending before this court, Budri filed his fourth OSHA complaint on February 7, 2020. It is the fourth complaint that is the focus of the instant petition for review. OSHA dismissed the complaint on February 28, 2020. On March 8, 2020, Budri objected to OSHA's finding and requested a hearing before an ALJ. Budri's fourth complaint asserted one allegedly new adverse action, i.e., that sometime after June 12, 2017, Firstfleet disclosed new and additional negative employment information about him to Tenstreet. Upon referral to the ALJ, Budri was ordered to provide greater detail regarding his new allegation, to which he responded with additional factual allegations concerning the employment information previously disclosed to Tenstreet, as well as a series of non-responsive filings.

On June 18, 2020, finding that Budri had failed to allege any new actionable adverse activity, the ALJ dismissed Budri's complaint for failure to state a claim.[15] The ALJ also cited Budri's "flagrant and defiant" litigation

---

[12] *Budri v. Firstfleet*, ALJ No. 2019-STA-71 (ALJ Dec. 16, 2019) ("Third Complt.").

[13] *Budri v. Firstfleet, Inc.*, ARB No. 2020-0021, ALJ No. 2019-STA-00071 (ARB Jan. 7, 2020) ("Third Complt.").

[14] *Budri v. U.S. Dep't of Labor*, No. 20-60073, 825 F. App'x 178, 179 (5th Cir. Aug. 25, 2020) (regarding ARB Case No. 2020-0021, ALJ Case No. 2019-STA-00071) ("Third Complt.").

[15] *Budri v. Firstfleet*, ALJ No. 2019-STA-37 (ALJ June 18, 2020) ("Fourth Complt."). The ALJ rejected the notion that an alleged disclosure to Budri on October 31,

No. 20-60574

conduct as an alternative ground for dismissal.[16] On June 22, 2020, the ALJ concluded that Budri's June 20, 2020 motion for reconsideration was moot, given the previous filing of a notice of appeal to the ARB thereby depriving the ALJ of jurisdiction.[17]

On June 30, 2020, the ARB issued an order declining to review the ALJ's decision.[18] The instant petition for review followed on July 3, 2020.

### *Fifth and Sixth OSHA Complaints*

Budri filed his fifth and sixth OSHA complaints on July 1, 2020, and August 6, 2020, which OSHA denied. ALJ Rosenow denied Budri's fifth complaint on August 5, 2020.[19] On August 17, 2020, the ARB exercised its discretion to deny Budri's petition for review of the ALJ's August 5, 2020 order.[20]

On September 8, 2020, ALJ Rosenow denied Budri's sixth complaint.[21] On September 15, 2020, the ARB denied Budri's petition for

---

2019, and/or his February or March 2020 discovery of a social media website, constituted new or continuing adverse action sufficient to render his latest complaint timely.

[16] *Id.*

[17] *Budri v. Firstfleet*, ALJ No.2019-STA-37 (ALJ June 22, 2020) ("Fourth Complt.").

[18] *Budri v. Firstfleet, Inc.*, ARB No. 2020-0047, ALJ No. 2020-STA-37 (ARB June 30, 2020) ("Fourth Complt.").

[19] *See Budri v. Firstfleet*, ALJ No. 2019-STA-71 at 3 (ALJ Aug. 5, 2020) ("Fifth Complt.").

[20] *Budri v. Firstfleet, Inc.*, ARB No. 2020-0021, ALJ No. 2019-STA-00071 (ARB Aug. 17, 2020) ("Fifth Complt.").

[21] *See Budri v. Firstfleet*, ALJ No. 2020-STA-108 (ALJ Sept. 8, 2020) ("Sixth Complt.").

No. 20-60574

review.[22] To date, no petitions for review have been regarding these complaints in this court.

## II.

We review agency rulings under the standard of review established by the Administrative Procedure Act, 5 U.S.C. § 706. Applying that standard, we will affirm an ARB decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or . . . not supported by substantial evidence." *Macktal v. United States DOL*, 171 F.3d 323, 326 (5th Cir. 1999). We review an agency's interpretations of caselaw *de novo* and its factual findings for substantial evidence. *Ameristar Airways, Inc. v. Admin. Review Bd.*, 771 F.3d 268, 272 (5th Cir. 2014).

## III.

In the instant petition for review, Budri disputes the ARB's June 30, 2020 decision on the merits and further argues that ALJ Rosenow was not properly appointed under the Appointments Clause of the United States Constitution, Art. II, § 2, cl.2,[23] as required by *Lucia v. Securities & Exchange*

---

[22] *Budri v. Firstfleet, Inc.*, ARB No. 2020-0065, ALJ No. 2020-STA-108 (ARB Sept.15, 2020) ("Sixth Complt.").

[23] The Appointments Clause states:

[The President] . . . shall nominate, and by and with the Advice and Consent of the Senate, shall appoint Ambassadors, other public Ministers and Consuls, Judges of the Supreme Court, and all other Officers of the United States, whose Appointments are not herein otherwise provided for, and which shall be established by Law; but the Congress may by Law vest the Appointment of such inferior Officers, as they think proper, in the President alone, in the Courts of Law, or in the Heads of Departments.

U.S. Const. Art. II, § 2, cl. 2.

*Commission*, 138 S. Ct. 2044 (2018).  Citing *Free Enterprise Fund v. Public Company Accounting Oversite Board,* 561 U.S. 477, 491 (2010), he also maintains that the "for cause" removal protections of the Administrative Procedures Act, 5 U.S.C. § 7521(a), likewise are violative of the "at will" employment associated with the Appointments Clause.

## IV.

We begin our analysis by considering the merits of the ARB's decision. The ALJ concluded that Budri had failed to allege any new adverse action because "maintenance and/or re-disclosure by a third party of information provided by an employer does not constitute new or continuous adverse action." We agree.  Budri did not allege specific facts in his fourth complaint pertaining to any new information disclosure by Firstfleet. Rather, Budri's fourth complaint merely reasserts issues raised in his prior three complaints, which have been fully litigated and resolved in Budri's prior administrative and judicial proceedings. Thus, further litigation is precluded. *See Budri*, 825 F. App'x at 179 (third OSHA complaint "contains no new relevant facts, arguments, or claims not previously considered [] and rejected [] by an ALJ, the ARB, the district court, or this Court"); *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 467 (5th Cir. 2013) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.") (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)).[24]

---

[24] Budri's brief additionally complains regarding the ALJ's handling of discovery. Such matters are within the ALJ's discretion and it is not apparent to us that any abuse of that discretion occurred.

No. 20-60574

## V.

In denying Budri's petition for review, we do not address Budri's Appointments Clause challenges. Because Appointment Clause challenges present "non-jurisdictional structural constitutional challenges," they can be forfeited. *D.R. Horton, Inc. v. N.L.R.B.*, 737 F.3d 344, 351 (5th Cir. 2013) (quoting *Freytag v. Comm'r*, 501 U.S. 868, 878–79 (1991)). We find such forfeiture has occurred here, and decline to exercise our discretion to nevertheless consider Budri's challenges, for several related reasons.[25]

---

[25] This court has not yet addressed whether Department of Labor's ALJs have been properly appointed under *Lucia* or whether *Lucia* appointment challenges necessarily are forfeited if not first presented in the underlying administrative proceeding. Many of our sister circuits have considered these questions in the context of dismissals by the Department of Labor's Benefits Review Board. *See, e.g., Nat'l Mines Corp v. Conley*, 790 F. App'x 716 (6th Cir. 2019); *Elkhorn Eagle Mining Co. v. Higgins*, 811 F. App'x 318 (6th Cir. 2020); *Zumwalt v. Nat'l Steel & Shipbuilding Co.*, 796 F. App'x 930 (9th Cir. 2019); *Turner Bros., Inc. v. Conley*, 757 F. App'x 697 (10th Cir. 2018); *Energy W. Mining Co. v. Lyle ex rel. Lyle*, 929 F.3d 1202, 1206 (10th Cir. 2019).

And, less than two weeks ago, the Supreme Court determined that judicially created "issue-exhaustion rules" did *not* preclude judicial review of Appointments Clause challenges that were not first presented to Social Security Administration ALJs whose appointments had not yet been ratified by the Social Security Administration ("SSA") Acting Administrator. *See Carr v. Saul*, No. 19-1442 (slip op. at 3, 6–10), 141 S. Ct. 1352 (April 22, 2021). In support of this holding, the Supreme Court reasoned that governing regulations "expressly" render SSA administrative proceedings "'inquisitorial rather than adversarial.'" *Id.* at 6 (quoting *Sims v. Apfel*, 530 U.S. 103, 110-111 (2000)). Furthermore, the Court emphasized, "[e]ven accepting that ALJ proceedings may be comparatively more adversarial than Appeals Council proceedings," the scales "in the specific context of petitioners' Appointments Clause challenges, . . . tip . . . decidedly against imposing an issue-exhaustion requirement[,]" because SSA ALJs are "ill-suited to address structural constitutional challenges . . . usually fall[ing] outside [their] areas of technical expertise." *Id.* at 9. Additionally, given that ALJs are powerless to "remedy[] any defects in their own [preratification] appointments," such administrative efforts fall within the "consistently recognized [] futility exception to exhaustion requirements." *Id.* at 10-11. Lastly, in the absence of an administration exhaustion requirement, first-time judicial challenges to the ALJ appointments were not untimely. *Id.* at 11–12.

No. 20-60574

As an initial matter, we note that, in December 2017, the Secretary of Labor issued a letter to ALJ Rosenow, dated December 21, 2017, "ratify[ing] the Department's prior appointment of you as an Administrative Law Judge" with the "intent[] to address any claim that administrative proceedings pending before, or presided by [DOL ALJs] violate the Appointments Clause."[26] Budri contends the Secretary's letter fails to satisfy the Appointments Clause's requirements relative to his 2019 and 2020 proceedings before ALJ Rosenow. He fails, however, to cite controlling legal authority supporting his assertion.

And, though the December 2017 ratification would not impact the "for cause" removal requirements about which he complains, severance of the offending statutory provision, if severance is possible and warranted, appears to be the appropriate remedy. *See, e.g., Seila L. LLC v. Consumer Fin. Prot. Bureau,* 140 S. Ct. 2183, 2209– 11 (2020); *Free Enterprise Fund,* 561 U.S. at 508–09; *Arthrex, Inc. v. Smith & Nephew, Inc.,* 941 F.3d 1320, 1335–38 (Fed. Cir. 2019), *cert. granted,* 141 S. Ct. 236 (2020); *Collins v. Mnuchin,* 938 F.3d 553, 591–95 (5th Cir. 2019), *cert. granted,* 141 S. Ct. 193 (2020). In any event, Budri has not shown the contrary to be true or addressed the possibility of severance. *See, e.g., Brock Servs., L.L.C. v. Rogillio,* 936 F.3d 290, 295 (5th Cir. 2019) ("Issues not raised or inadequately briefed on appeal are waived."); *L & A Contracting Co. v. S. Concrete Servs.,Inc.,* 17 F.3d 106, 113 (5th Cir. 1994) (issue was not adequately briefed where no authorities were cited in a one page argument).

---

Importantly, on the current record, we do not have to decide the "forfeiture" and "exhaustion" questions decided by our sister circuits or the Supreme Court. Rather, in this instance, our forfeiture determination rests on broader grounds.

[26] *See* Respondent Br., Exh. A.

No. 20-60574

Furthermore, even putting aside the Secretary's December 2017 ratification letter, *Lucia* emphasizes that Appointments Clause challenges must be timely. Importantly, although the Supreme Court decided *Lucia* on June 21, 2018, and *Free Enterprise* in 2010, Budri's first mention of *Lucia*, *Free Enterprise*, the Appointments Clause, or "for cause" removal protections was in the August 13, 2020 "Petitioner's Motion to Take Judicial Notice" that he filed, post-briefing, while previously before this court (regarding his third OSHA complaint). Budri's assertions also were repeated in the August 30, 2020 petition for panel rehearing that he filed regarding our August 25, 2020 opinion.

Referencing the many motions that Budri had filed in that proceeding, our August 25, 2020 opinion, denying his petition for review, stated:

> Budri has filed multiple motions that reassert the arguments raised in his petition for review and also assert additional grounds for relief beyond those argued before the ARB or in his briefing. Although this court has granted several of Budri's requests for procedural relief, we decline to address issues insufficiently briefed by Budri or raised for the first time on petition for review. *See Craven v. Dir., Office of Worker's Comp. Programs*, 407 F. App'x 854, 859 (5th Cir. 2011) (per curiam) (unpublished) (stating that an argument raised for the first time on petition for review is waived) (citing *Aetna Cas. & Sur. Co. v. Dir., Office of Workers' Comp. Programs*, 97 F.3d 815, 819 (5th Cir. 1996)).[27]

Our September 9, 2020 order denying Budri's August 30, 2020 petition for rehearing added:

---

[27] *Budri v. U.S. Dep't of Labor*, No. 20-60073, 825 F. App'x 178 (5th Cir. Aug. 25, 2020) (regarding ARB Case No. 2020-0021, ALJ Case No. 2019-STA-00071) ("Third Complt.").

11

IT IS ORDERED that the petition for rehearing is DENIED. Further, the multiple motions filed by petitioner during the pendency of his petition for rehearing lack merit and are also hereby DENIED. The mandate shall issue forthwith.

In the instant review proceeding—concerning Budri's fourth OSHA complaint—his Appointment Clause challenges were again not presented to the ALJ or ARB prior to the ALJ's June 18, 2020 dismissal order, the ALJ's June 22, 2020 order denying reconsideration, or the ARB's June 30, 2010 decision and order. They were, however, discussed in Budri's original and reply briefs (dated October 5 and December 1, 2020), as well as certain of the numerous motions that Budri has filed during the course of this proceeding. Nevertheless, on the instant record, reflecting the *numerous* administrative *and* judicial opportunities that Budri had to present these challenges—long before filing the instant July 3, 2020 petition for appellate court review regarding his *fourth* OSHA complaint—but simply failed to do so. Accordingly, we, like the panel of this court addressing Budri's January 2020 petition for review, decline to consider these assertions.[28] *See also Block v. Tanenhaus*, 867 F.3d 585, 589 (5th Cir. 2017) (arguments that could have been raised on prior appeal, but were not, are forfeited for purposes of subsequent appeal).

In addition to his four administrative proceedings before the DOL, Budri could have urged these challenges in the very first agency review proceeding that he filed in this court on August 16, 2018.[29] Although *Lucia* was decided just two months earlier, on June 21, 2018, briefing in the matter

---

[28] *Budri v. U.S. Dep't of Labor*, No. 20-60073, 825 F. App'x 178 (5th Cir. Aug. 25, 2020) (regarding ARB Case No. 2020-0021, ALJ Case No. 2019-STA-00071) ("Third Complt.").

[29] *Budri v. U.S. Dep't of Labor*, No. 18-60579, 764 F. App'x 431 (5th Cir. 2019) (regarding ARB Case No. 18-025, ALJ Case No. 2017-STA-086) ("First Complt.").

was not completed until January 2019. And, even after briefing was completed, a letter identifying additional authority could have been submitted, pursuant to Federal Rule of Appellate Procedure 28(j), prior to the court's issuance of a decision in April 2019, or in support of the petition for panel rehearing that Budri thereafter filed.

Presumably, Budri also could have urged his challenges as part of his appeal (associated with his second OSHA complaint) to this court that was filed on October 31, 2019, but then dismissed on December 18, 2019, for want of prosecution.[30]  And, finally, Budri could have *sufficiently* briefed these assertions (including an explanation for why they were being asserted, for the first time, in this court), in connection with the petition for review that he filed in this court on January 2020.[31]

Instead, on the record before us, it is evident that Budri has instead chosen to do things in circuitous fashion, seemingly employing a "squeaky wheel" or "wear them down" legal strategy characterized by quantity, repetition, and obstinance, rather than quality, logic, and prudence, with little regard for legal requirements, efficiency, or conservation of resources. It likewise is apparent that Budri also seeks to utilize his *pro se* status as both a shield and sword thereby exhibiting a complete lack of respect for the legal process and those who strive to proceed in a manner that is expeditious, fair, and ethical.[32] Budri's written submissions are extremely repetitive, replete

---

[30] *Budri v. Firstfleet, Inc.*, No. 19-11203, 2019 WL 8645418 (5th Cir. 2019) ("Second Complt.").

[31] *Budri v. U.S. Dep't of Labor*, No. 20-60073, 825 F. App'x 178 (5th Cir. Aug. 25, 2020) (regarding ARB Case No. 2020-0021, ALJ Case No. 2019-STA-00071) ("Third Complt.").

[32] For instance, the DOL attorney representing respondent reports that receiving "upwards of 950 emails" from Budri since July 2018.  See Respondent Br., at 22 n. 11.

with vague, conclusory, and unclear assertions, and lack citations to pertinent legal authority, the administrative record, and other identifying information.

Furthermore, Budri's numerous motions for the most part address substantive issues urged as part of his petition for review and quite likely are designated as motions in order to avoid the briefing requirements set forth in Federal Rules of Appellate Procedure and the restrictions on the supplemental letter submissions permitted by Federal Rule of Appellate Procedure 28(j). Nor is Budri's filing of numerous motions unique to the instant proceeding. He filed more than 20 motions in the proceeding instituted before this court regarding this third OSHA complaint,[33] and more than 9 in the proceeding regarding his first OSHA complaint.[34] Notably, the motion totals for Budri's prior proceedings before this court exclude motions addressing purely administrative matters such as those seeking an extension of time or to exceed page limitations.

Even worse, Budri persists in this pursuit despite have been warned multiple times, including by this court, against repetitive and abusive litigation and wasting of resources. Indeed, in concluding that dismissal of Budri's fourth OSHA complaint was warranted as a sanction for failure to comply with court orders, as well as for failure to state a claim, AJL Rosenow reported:

> A strong argument could be made that the very act of filing this complaint constituted no more than an attempt to vex Respondent, given that nothing related to his three previous filings could have given any reasonable person cause

[33] *Budri v. U.S. Dep't of Labor*, No. 20-60073, 825 F. App'x 178, 179 (5th Cir. Aug. 25, 2020) (regarding ARB Case No. 2020-0021, ALJ Case No. 2019-STA-00071) ("Third Complt.").

[34] *Budri v. U.S. Dep't of Labor*, No. 18-60579, 764 F. App'x 431 (5th Cir. 2019) (regarding ARB Case No. 18-025, ALJ Case No. 2017-STA-086) ("First Complt.").

No. 20-60574

to believe he might have a good faith basis for filing a fourth. However, even Complainant understood that he was disregarding my orders in the manner in which he litigated his claim. Those orders were specifically designed to help him clearly articulate his allegations and further the interests of fair, but efficient, litigation. They were intended to prevent the waste of judicial resources in a time when a national health emergency made managing litigation and adjudicating disputes more difficult than ever. He filed dozens of documents and motions in direct defiance of my order. He did so using email addresses he was specifically told not to use.

His actions resulted in a significant drain on resources that could have been better used in the service of other litigants with legitimate disputes, who did behave reasonably and in conformance with court orders. Thus, Complainant interfered significantly with the judicial process.

Similarly, Complainant's conduct, perhaps intentionally, prejudiced Respondent by forcing it to spend time and money to respond to a frivolous claim and frivolous filings within that claim. Even allowing for Complainant's status as a self-represented litigant and the possibility that he is simply unable to understand the legal principles involved, the record is clear that he acted in bad faith in terms of intentionally filing documents contrary to my specific orders. Those orders were clear and required neither legal training nor extraordinary intellectual acumen to comprehend. Indeed, he clearly did comprehend them and elected to ignore them.

Every adjudicative authority he has attempted to invoke has instructed him that he is not entitled to any relief. Indeed, one court threatened him with sanctions if he returned with any claim related to the same employment issue. Consequently, the record allows no conclusion other than that he is acting in culpable bad faith. Although he may subjectively believe he was wronged and refuse to believe the law denies him justice, he appears to equally believe that his status as a victim relieves

15

No. 20-60574

him of the obligation to comply with procedural rules and orders. His repeated complaints and threats demonstrate that he also fails to appreciate that his is not the only case pending within the Department of Labor.

If the district court decision threatening sanctions was not enough to put him on notice, I also specifically warned him on multiple occasions of the consequences of noncompliance. His conduct over the years of litigation of his multiple claims also clearly show that any lesser sanction short of dismissal would serve no useful purpose. Respondent's request for additional sanctions is not unreasonable, but beyond the authority provided in the statute and the applicable regulations. All of the relevant factors weigh in favor of dismissal.

Therefore, the complaint is denied for both Complainant's failure to state a claim upon which relief can be granted and his flagrant and defiant actions.[35]

Given the foregoing, we decline to entertain Budri's Appointments Clause challenges. *See Freytag*, 501 U.S. at 894–95 (Scalia, J., conc.) ("'Forfeiture' is 'not a mere technicality and is essential to the orderly administration of justice.'") (quoting 9 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2472, p. 455 (1971)).

## VI.

As discussed above, Budri has filed approximately 50 motions in this matter, most of which are styled "Motion to Take Judicial Notice" and simply expound upon or repeat matters addressed in Budri's briefs or other motions. Regarding these, we are aware of the motions and their content. Otherwise, Budri's pending motions concern matters adequately addressed

---

[35] See *Budri v. Firstfleet*, ALJ No. 2019-STA-37 (ALJ June 18, 2020) ("Order of Dismissal") at 9-11.

by our treatment of the issues raised in Budri's petition for review.  Thus, all of Budri's pending motions are DENIED.

## VII.

Respondent's brief includes a request that we issue an order enjoining Budri from future filings arising from the same operative facts as his previous claims—his employment at Firstfleet and his February 17, 2017 termination. "'Federal courts have inherent powers which include the authority to sanction a party or attorney when necessary to achieve the orderly and expeditious disposition of their dockets.'" *Matter of Carroll,* 850 F.3d 811, 815 (5th Cir. 2017) (quoting *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 411 (5th Cir. 1996) (citation omitted); *see also Citizens Bank & Tr. Co. v. Case* (*In re Case*), 937 F.2d 1014, 1023 (5th Cir. 1991). "Such powers may be exercised only if essential to preserve the authority of the court and the sanction chosen must employ the least possible power adequate to the end proposed." *Nat'l Gas Pipeline Co. of Am. v. Energy Gathering, Inc.,* 86 F.3d 464, 467 (5th Cir. 1996) (quoting *Anderson v. Dunn*, 19 U.S. 6 Wheat. 204 (1821)).  A court must make a specific finding of bad faith in order to impose sanctions under its inherent power. *See  Chaves v. M/V Medina Star,* 47 F.3d 153, 156 (5th Cir. 1995). Federal courts also have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. *Matter of Carroll,* 850 F.3d at 815 (citing *Newby v. Enron Corp.,* 302 F.3d 295, 302 (5th Cir. 2002)).

"When considering whether to enjoin future filings, the court must consider the circumstances of the case, including four factors:"

> (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the

burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.

*Matter of Carroll,* 850 F.3d at 815 ((citing *Baum v. Blue Moon Ventures, LLC,* 513 F.3d 181, 189 (5th Cir. 2008)).  Pro se litigants are not excluded from such sanctions.  *Id.* (citing *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)).

Of course, "[n]otice and a hearing are required if the district court *sua sponte* imposes a pre-filing injunction." *Qureshi v. United States*, 600 F.3d 523, 526 (5th Cir. 2010) (quoting *Baum,* 513 F.3d at 189); *see also Baum,* 513 F.3d at 193 ("[Appellant] was given notice and an opportunity to be heard regarding the imposition of the pre-filing injunction, which satisfies the requirements of due process in this case.").  Here, a pre-filing injunction is not contemplated *sua sponte* but instead is considered upon the request of Respondent as set forth and discussed on pages 20-23 of its brief.  Budri has responded in his reply brief.

## VIII.

We have determined that the issuance of an order establishing certain restrictions and requirements for future filings in this court by Budri is warranted for the same reasons that we have declined to consider Budri's forfeited Appointments Clause challenges and denied Budri's many pending motions. Accordingly, as will also be set forth in a separate written order, **IT IS ORDERED** that:

(1) Any future filings in this court by Adriano Budri ("Budri"), except briefs filed in strict compliance with the Federal Rules of Appellate Procedure, must not exceed 5 pages in length unless prior leave of court is sought and granted upon good cause shown.  Any such request for leave must itself be limited to no more than 5 pages in length.

No. 20-60574

(2)   Unless otherwise ordered by this court, no more than three motions may be filed in any future proceeding in this court to which Budri is a party.  Additionally, all motions filed by Budri must strictly comply with the Federal Rules of Appellate Procedure, as well as the Fifth Circuit Rules and Internal Operating Procedures.

(3) Any future filings in this court by Budri must include proper citations of legal authority and proper citations to the applicable court or agency records, including pertinent case names, docket numbers, dates of filing or issuance of orders, decisions, and any other relevant documents, as well as all pertinent page numbers.

(4) Budri must file a copy of the above-referenced separate written order in any future proceedings instituted in this court relating in any way to his 2017 employment by Firstfleet and/or his termination from that employment.

(5)  Any material violations of the provisions of this court's order(s) shall result in appropriate sanctions, including the striking of pleadings, dismissal, and/or the imposition of substantial monetary sanctions.

(6) Any future filings in this court by Budri must include a signed certification by Budri confirming that the filing is made in good faith, is not repetitive of a prior filing, and that Budri understands that any material violations of the provisions of this court's order(s) shall result in appropriate sanctions, including the striking of pleadings, dismissal, and/or the imposition of substantial monetary sanctions.

IX.

As stated herein, the petition for review is DENIED and all pending motions are DENIED.  We GRANT Respondent's request for entry of an

No. 20-60574

order restricting future filings by Petitioner Budri to the extent stated herein and in the separate written order to be issued by this court.