# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2021

Lyle W. Cayce
Clerk

No. 20-60329
Summary Calendar

Ursula C. Staten,

*Plaintiff—Appellant*,

*versus*

Harrison County, Mississippi; Harrison County Board of Supervisors, *In their Official and Individual Capacities*; Lisa Mishune Ross, *in her Individual and Official Capacity*; Lisa M. Ross Law Firm; Patrick T. Guild, *Attorney for Harrison County, Mississippi, in his Individual and Official Capacity*; Melvin Brisolara, *Harrison County Sheriff, in his Individual and Official Capacity*; Haley Necaise Broom, *Esquire, Attorney for Harrison County Sheriff Melvin Brisolara in her individual and official capacity*; Robert H. Pedersen, *of Watkins & Eager, P.L.L.C., in their Individual and Official Capacities and as attorneys for Health Assurance, LLC and Kenissa Clark, Registered Nurse*; Walter T. Johnson, *of Watkins & Eager, P.L.L.C., in their Individual and Official Capacities and as attorneys for Health Assurance, LLC and Kenissa Clark, Registered Nurse*; Jason E. Dare, *Esquire, Attorney for City of D'Iberville, et al., in his Individual and Official Capacity*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CV-560

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Ursula P. Staten, proceeding pro se, appeals from the district court's dismissal of her complaint under Federal Rule of Criminal Procedure 12(b)(1) for lack of Article III standing, the imposition of a prefiling injunction, and the denial of her motion to recuse. She also challenges the validity of certain orders entered in a prior federal wrongful death lawsuit and various state court orders.

Both the instant lawsuit and the prior legal actions sought to invalidate a settlement agreement and the dismissal of related claims against various defendants. The wrongful death lawsuit was brought by Staten as adminstratrix of the estate of her ex-husband, Ray Staten, Sr., on behalf of the estate and Ray's children, who were his wrongful death beneficiaries. In the litigation that followed entry of the settlement agreement and dismissal of related claims, Staten generally argued, inter alia, that various defendants, including those named in the instant lawsuit, conspired and colluded to fraudulently induce her into agreeing to settle the estate for $350,000 and surrendering valuable claims against various parties to the wrongful death lawsuit.

This court reviews de novo the district court's grant of a Federal Rule of Civil Procedure 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, including among other things the issue of Article III standing. *Choice Inc. of Tex. v. Greenstein*, 691 F.3d 710, 714 (5th Cir. 2012); *Crane v. Johnson*, 783 F.3d 244, 250-51 (5th Cir. 2015). The district court's decision to dismiss with or without prejudice is reviewed for abuse of discretion. *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 215 n.34 (5th Cir. 2009). The party

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

invoking federal jurisdiction has the burden of proof to show standing. *Crane*, 783 F.3d at 251.

"To establish Article III standing, a plaintiff must show (1) an injury in fact, (2) a sufficient causal connection between the injury and the conduct complained of, and (3) a likel[ihood] that the injury will be redressed by a favorable decision." *Crane*, 783 F.3d at 251 (internal quotation marks and citation omitted). "An injury sufficient to satisfy Article III must be concrete and particularized and actual or imminent, not conjectural or hypothetical." *Id*. (internal quotation marks and citation omitted).

Staten argues that she established statutory standing to pursue her claims, which she asserts in her individual capacity, because Mississippi's standing requirements are quite liberal and that statutory standing is sufficient to satisfy Article III standing.

Even if Staten could establish statutory standing under Mississippi law, this court has explained, "Although standing requirements in state courts are often less stringent than those of Article III, the issue lacks relevance here, as standing in federal court is determined entirely by Article III and depends in no degree on whether standing exists under state law." *Int'l Primate Prot. League v. Adm'rs of the Tulane Educ. Fund*, 895 F.2d 1056, 1061 (5th Cir. 1990), *rev'd on other grounds*, 500 U.S. 72, 74, 76-77 (1991); *see also Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 519 n.1 (2014).

Because Staten does not address how the facts of her case give rise to Article III standing, she fails to show that the district's dismissal of her claims for lack of Article III standing was erroneous. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, we affirm the dismissal of Staten's complaint. However, the district court erred in dismissing the complaint with prejudice because the dismissal of the individual capacity

claims was based on lack of standing, an issue of subject matter jurisdiction. *See Env't Tex. Citizen Lobby, Inc. v. ExxonMobil Corp.*, 968 F.3d 357, 364 (5th Cir. 2020); *Griener v. United States*, 900 F.3d 700, 705-06 (5th Cir. 2018). We therefore amend the district court's judgment to reflect that the dismissal of Staten's individual capacity claims is without prejudice. *See Griener*, 900 F.3d at 705-06.

Staten intentionally abandoned her appeal from the denial of her Federal Rule of Civil Procedure 60 motion in the wrongful death lawsuit, and the district court's order denying the motion became final when this court dismissed her appeal for want of prosecution. *See Transp. Co. of Tex. v. C.I.R.*, 536 F.2d 93, 97 (5th Cir. 1976). Staten cannot now relitigate the propriety of the district court's ruling on her Rule 60 motion, which concluded that she lacked standing to challenge the settlement agreement and related dismissals of claims, in this court. *See Royal Ins. Co. of Am. v. Quinn-L Cap. Corp.*, 960 F.2d 1286, 1293 (5th Cir. 1992). As for the chancery court order vacating the reopening of Ray's estate and the reappointment of Staten as adminstratrix, neither the district court nor this court has jurisdiction to review it. *See Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317-18 (5th Cir. 1994).

Staten also argues that the state circuit court erred in holding that she lacked standing to pursue claims against the attorney whom she retained to file and litigate the wrongful death lawsuit, that the chancery court erred in granting the attorney's motion to set aside the order reopening Ray's estate and reappointing Staten as administratrix, and that the district court erred in denying her motion to recuse. Although this court applies less stringent standards to parties proceeding pro se than to parties represented by counsel and liberally construes briefs of pro se litigants, pro se parties must still brief the issues and reasonably comply with the requirements of Federal Rule of Appellate Procedure 28. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995).

No. 20-60329

Staten's brief contains no argument regarding the first two issues, and her challenge to the denial of her motion to recuse consists of a single paragraph setting forth the standard for recusal. Accordingly, Staten has abandoned these issues on appeal by failing to adequately brief them. *See Yohey*, 985 F.2d at 224-25; *Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988).

Finally, Staten challenges the district court's order enjoining her from "filing additional actions in any state or federal court" against the defendants and those in privity with them based on the facts underlying the instant and preceding litigation and asserting the same claims and causes of action without first obtaining approval of the district court. She argues that she had a good faith basis for pursuing prior legal actions challenging the settlement agreement and related dismissal of claims and that she cannot be barred from bringing claims in Mississippi state courts under Article 25 of the Mississippi Constitution.

District courts have authority to enjoin vexatious litigants under the All Writs Act, 28 U.S.C. § 1651. *Matter of Carroll*, 850 F.3d 811, 815 (5th Cir. 2017). They also have inherent power to impose prefiling injunctions to deter vexatious, abusive, and harassing litigation, and they have a constitutional obligation to protect their jurisdiction from conduct that impairs their ability to carry out their Article III functions. *Baum v. Blue Moon Ventures, LLC*, 513 F.3d 181, 187, 189 (5th Cir. 2008); *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998); *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359-60 (5th Cir. 1986). Thus, courts may require sanctioned litigants to obtain judicial consent prior to making future filings. *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir. 1998). A prefiling injunction should be tailored to protect the courts and to preserve the litigant's legitimate right to present nonfrivolous claims. *Farguson*, 808 F.2d at 360. We review the district court's decision to issue a prefiling injunction for abuse of discretion. *Qureshi*

5

No. 20-60329

*v. United States*, 600 F.3d 523, 524 (5th Cir. 2010); *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002).

The district court did not abuse its discretion by issuing a prefiling injunction with respect to federal court filings even though Staten was proceeding pro se. *See Matter of Carroll*, 850 F.3d at 815; *Baum*, 513 F.3d at 189. Nevertheless, the scope of the injunction is inconsistent with this court's decision in *Baum*, 513 F.3d at 191-92. Accordingly, we amend the district court's prefiling injunction to apply only to filings in federal courts located in the state of Mississippi. *See id.* at 194.

The district court's dismissal of Staten's complaint is AFFIRMED but AMENDED to reflect that the dismissal of Staten's individual capacity claims is without prejudice. The district court's order imposing a prefiling injunction is AFFIRMED but AMENDED to apply only to filings in federal courts located in the state of Mississippi.