# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 16, 2026

Lyle W. Cayce
Clerk

No. 25-20479
Summary Calendar

In the Matter of Sourcewater, Incorporated.

*Debtor*,

Joshua Adler,

*Appellant*,

*versus*

Energy Debt Holdings L.L.C.,

*Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:24-CV-2369

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

This is an appeal from a sanctions order against Joshua Adler, the Chief Executive Officer of the debtor in bankruptcy, Sourcewater, Inc.  The

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

question before us is whether Adler violated the bankruptcy court's orders prior to the sale hearing.

In March 2023, Sourcewater filed a voluntary petition under Chapter 11 of the Bankruptcy Code, bringing the action in the Southern District of Texas. The bankruptcy court issued a Cash Collateral Order on May 1, 2023, resolving a collection of issues. Included among the issues resolved by the Cash Collateral Order was Sourcewater's ability to challenge the "validity, perfection, enforceability, allowability, priority or extent of the obligations" at issue between it and Energy Debt Holdings ("EDH"). If Sourcewater wanted to dispute any of these issues with respect to EDH's obligations and rights in the bankruptcy, it had to do so in the "Challenge Period." That period was defined as being "no later than the earlier of . . . the commencement of a hearing to consider confirmation of a [C]hapter 11 plan and . . . ninety [] days after the Petition Date." With respect to challenges raised outside of this challenge period, the Cash Collateral Order specified that "the EDH Loan shall not be subject to any other or further Challenge, including, without limitation, any Claims and Defenses, which shall be deemed to be forever waived and barred."

The bankruptcy court entered a Confirmation Order stating that EDH's "Class 1B Claim will have first priority to any payments provided for in the Plan for Class 1A, Class 1B, and Class 3 Claims."

Under the Plan, Sourcewater's assets were subjected to an auction. Adler was the successful bidder, and EDH the backup bidder. Thereafter, Sourcewater filed a Consensual Emergency Motion for Order Approving Successful Bid, Backup Bid, and Sale. The bankruptcy court set an emergency hearing for March 28, 2024, to hear arguments on the motion. On March 27, Adler initiated an adverse proceeding in the bankruptcy court, seeking a declaratory judgment subordinating the EDH Note to those held

by Adler. The bankruptcy court approved the auction's results on April 1. Adler, however, failed to close on his successful bid, and EDH then closed on its backup bid.

In late April 2024, EDH moved for enforcement of the Confirmation Order and Final Cash Collateral Order and for sanctions against Adler. Shortly thereafter, the bankruptcy court dismissed the adversary proceeding filed by Adler on judicial estoppel grounds. Two days later, the bankruptcy court granted EDH's motion, assessing sanctions of $25,000 against Adler to be paid to EDH. The bankruptcy court found that Adler had violated "both the Confirmation Order and the Final Cash Collateral Order when he filed his adversary proceeding" because the adversary proceeding challenged the priority of Adler's notes relative to EDH's outside of the circumscribed challenge period created by the bankruptcy court's orders.

The district court affirmed the bankruptcy court's order imposing sanctions, holding that Adler failed to comply with the bankruptcy court's orders in filing the adversary proceeding, as the adversary proceeding constituted "precisely the type of priority and subordination challenge that the Cash Collateral Order barred absent a timely filing." It upheld the grant of monetary sanctions as a proper civil contempt sanction.

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *In re ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011). *De novo* review applies to conclusions of law and clear-error review to fact findings. *Id.* at 601. Finally, if a bankruptcy court imposes sanctions, we review those for any abuse of discretion. *In re Yorkshire, LLC*, 540 F.3d 328, 331 (5th Cir. 2008).

The bankruptcy court has the authority to sanction parties based both on its inherent civil contempt power and pursuant to 11 U.S.C. § 105(a). For

a court to impose sanctions against a litigant under its inherent authority, it must make a "specific finding that they engaged in bad faith conduct." *Yorkshire*, 540 F.3d at 332. A bankruptcy court may also impose sanctions for an abuse of process pursuant to its authority under Section 105(a). *See In re Carroll*, 850 F.3d 811, 816 (5th Cir. 2017).

There was substantial evidence to support the bankruptcy court's finding that Adler "acted in bad faith in filing the adversary case one day prior" to the sale hearing. We agree with the district court's analysis that the Cash Collateral Order specified the proper procedures and timeline for challenging priority, and that the Confirmation Order modified the priority of payment to conform with the Cash Collateral Order's ordering. Adler's adversary proceeding was filed outside, and in violation, of the timeline specified in the bankruptcy court's orders.

The only question before us is whether Adler violated the bankruptcy court's orders. He did. We AFFIRM.